AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Jersey

United States of America
v.
Amitkumar Kanubhai Patel

*Defendant(s)*

Case No. 19-1073 (AMD)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  From October 19, 2018 to present  in the county of _____ in the _____ District of  New Jersey , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC 1204(a) | International Parental Kidnapping - See Attachment A |

This criminal complaint is based on these facts:
See Attachment B

☑ Continued on the attached sheet.

*Complainant's signature*

Nicole Canales, FBI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 09/27/2019

*Judge's signature*

City and state: Camden, New Jersey

Anne Marie Donio, United States Magistrate Judge
*Printed name and title*

CONTENTS APPROVED

UNITED STATES ATTORNEY

By: _____
Jason M. Richardson, AUSA
Andrew Carey, AUSA

Date: September 27, 2019

## Attachment A

From at least as early as October 19, 2018 to present, in the District of New Jersey, the defendant,

### AMIKUMAR KANUBHAI PATEL,

did knowingly remove a child, namely AAP, from the United States and retained a child, AAP, who had been in the United States, outside the United States with intent to obstruct the lawful exercise of the parental rights of AAP's mother.

In violation of Title 18, United States Code, Section 1204(a), and Title 18, United States Code, Section 2.

## ATTACHMENT B

## COMPLAINT AFFIDAVIT

I, Nicole M. Canales, Special Agent with the Federal Bureau of Investigation ("FBI"), have knowledge of the following facts based on my own investigation and upon conversations with other individuals involved in this investigation. I have not included all of the facts known to me in this Affidavit, just those facts which I believe necessary to establish probable cause. Where the contents of statements and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated. Where I assert that an event occurred on a particular date, I am asserting the event occurred on or about the date alleged:

1.  During the course of my investigation, I interviewed Poonamben Ambalal Patel ("Poonamben"), a resident of Cherry Hill, New Jersey. Based upon my interview of Poonamben, I know she and AMITKUMAR PATEL were in a relationship and resided together in New Jersey from August 2015 through July 2017. The two never married.

2.  Based on a review of documents, AMITKUMAR PATEL was born in India and became a naturalized citizen of the United States on May 29, 2013. AMITKUMAR PATEL was issued United States Passport number xxxxx2861 on June 17, 2013.

3.  In November 2016, minor "AAP[1]" was born at JFK Medical Center in Edison Township, New Jersey. Based on my review of a State of New Jersey Certificate of Birth and Superior Court of New Jersey Chancery Division orders, I have learned AAP is a United States citizen and is currently two years old. AAP's biological mother is Poonamben and his biological father is AMITKUMAR KANUBHAI PATEL.

4.  On January 30, 2017, AAP was issued US Passport number xxxxx3541.

---

[1] AAP is a minor child born. As a child victim, the victim is entitled to the privacy protections set forth in Title 18, United States Code, Section 3509.

1

5. According to Poonamben, AMITKUMAR KANUBHAI PATEL wanted to take AAP to India to introduce his son to his parents and obtain DNA testing. AMITKUMAR KANUBHAI PATEL claimed DNA testing was necessary for his son to claim the property his family owned in India.

6. AMITKUMAR KANUBHAI PATEL attempted to obtain a visa to India for AAP when he was approximately four months old. The visa application was denied because AMITKUMAR KANUBHAI PATEL did not have documentation indicating his custodial rights to the child.

7. In order to obtain an Indian visa for AAP, AMITKUMAR KANUBHAI PATEL told Poonamben that he needed custody of their son. AMITKUMAR KANUBHAI PATEL claimed he needed proof of his custody of AAP to obtain a visa for the child. AMITKUMAR KANUBHAIN PATEL explained that to obtain custody of their son they had to go to court.

8. AMITKUMAR KANUBHAI PATEL instructed Poonamben to tell the court the two had a "mutual understanding" regarding the custody of their son. Furthermore, AMITKUMAR KANUBHAI PATEL instructed Poonamben to state that she did not have a work permit; so without a job she could not care for her son. At the time Poonamben was lawfully in the United States having been granted temporary asylum.

9. On May 1, 2017, AMITKUMAR KANUBHAI PATEL took Poonamben to New Jersey Superior Court, Chancery Division Family Court in order to obtain full custody of AAP. According to Poonamben, the majority of the hearing was conducted in English with no translator. At the time of the hearing, Poonamben spoke limited English. Poonamben

answered the court's questions as she had been instructed to by AMITKUMAR KANUBHAI PATEL. Poonamben was not represented by an attorney during the hearing.

10. On May 2, 2017, New Jersey Superior Court, Chancery Division Family Court entered the following order: "By consent of parties, Plaintiff [AMITKUMAR KANUBHAI PATEL] is granted sole legal custody of the minor child, [AAP] (DOB XX/XX/2016). Parenting time as agreed by the parties. Defendant [Poonamben] is allowed to file for joint legal custody if she so chooses in future. Parties consented to this order."

11. Upon receiving the court order, AMITKUMAR KANUBHAI PATEL obtained visas to India for himself and AAP from Quick Travel, Inc. Quick Travel, Inc. also assisted in booking flights for the two. AMITKUMAR KANUBHAI PATEL told Poonamben the trip to India would be for two weeks.

12. Based upon a review of United States Customs and Border Protection records, on July 26, 2017, AMIKUMAR KANUBHAI PATEL and AAP boarded Qatar Airways Flight #702 from John F. Kennedy International airport in New York to Doha International airport in Doha, Qatar.

13. According to Poonamben, after AMIKUMAR KANUBHAI PATEL and AAP left the United States, Poonamben sent multiple messages via Whatsapp[2] to AMITKUMAR

---

[2] I have learned that WhatsApp is a communication application that is owned by Facebook. WhatsApp is a free service that users must register to access. Users are able to make voice and video calls as well as send and receive text messages, videos, images and documents up to 100 mega bites. Users can also initiate group communications where multiple parties can send and receive communications. Users are not limited by the location of the other party. Meaning, the users may communicate with individuals in other countries free of charge. The communications are encrypted while in transit from the sender to the receiver.

KANUBAHI PATEL requesting confirmation that the two arrived safely in India. For several days, Poonamben received no response.

14. Eventually, Poonamben contacted a friend in India in hopes of contacting AMITKUMAR KANUBAHI PATEL's family. After the friend contacted AMIKUMAR KANUBHAI PATEL in India, AMIKUMAR KANUBHAI PATEL called Poonamben and said that he was never bringing AAP back to the United States.

15. Thereafter, Poonamben obtained legal counsel and returned to New Jersey Superior Court Chancery Division Family Court.

16. On October 16, 2018, the New Jersey Superior Court Chancery Division Family Part ordered, "Plaintiff [AMIKUMAR KANUBHAI PATEL] to return the child [AAP] to United States immediately."

17. On October 19, 2018, Poonamben's attorney's office, Labrada Dume & Associates emailed the Court's Order dated October 16, 2018 to AMITKUMAR KANUBHAI PATEL at his email address.

18. On January 30, 2019, Poonamben sent the Court's Order dated October 16, 2018, via Federal Express International, to the following people and locations (none of which were returned to Poonamben):

    a. Amitkumar Kanubhai Patel, Tekra Ser. AT & Post-Sadhali, TA Sinor Dist-Vadodara, Vadodara, GJ 391250, IN

    b. Sadhali Sub Police Station, AT&Post Sadhali, TA-Sinor Dist-Vadodara, Vadodara, GJ 391250, IN

4

   c.  United States Consluate, C-49, G-Block, Bandra Kurla Complex, Mumbai, MH 400051, IN.

  19.  Based upon a review of United States Customs and Border protection records, AMIKUMAR KANUBHAI PATEL and AAP have not crossed back into the United States.

5