[Dkt. No. 71]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | Crim. No. 20-613 (RMB) |
| Plaintiff | |
| | **OPINION** |
| v. | |
| AMITKUMAR KANUBHAI PATEL, | |
| Defendant | |

BUMB, United States District Judge

This matter comes before the Court upon Non-Parties, the Superior Court of New Jersey, Chancery Division, Family Part (Middlesex Vicinage), and the Hon. Daniel H. Brown, J.S.C.'s ('the Non-Parties"), motion for reconsideration of the Court's June 1, 2022 Order and motion to quash trial subpoenas dated May 17, 2022 and June 1, 2022 (Docket No. 71), and the Government's response in opposition to the motions (Docket No. 72). A hearing was held before this Court by Zoom on June 21, 2022 at 10:15 a.m. Assistant United States Attorney Jason Richardson appeared on behalf of the United States of America ("the Government") and Assistant Federal Public Defender Lori Koch appeared for Defendant. Also present was Deputy Attorney General Michael Moran on behalf of the Non-Parties.

For the reasons set forth below, this Court has reconsidered and will vacate its June 1, 2022 Order enforcing the Government's May 17, 2022 Subpoena ("May 17

Subpoena") served on the Superior Court of New Jersey, Chancery Division, Family Part (Middlesex Vicinage) ("the Vicinage") and will quash the May 17 Subpoena and the June 1, 2022 Subpoena ("June 1 Subpoena") served on the Honorable Daniel H. Brown ("Judge Brown").

I.      STATEMENT OF FACTS AND PROCEDURAL HISTORY

Amitkumar Kanubhai Patel ("Defendant") is charged with one count of international parental kidnapping, in violation of 18 U.S.C. § 1204(a). (Indictment, Docket No. 5.) On May 31, 2022, the Court denied Defendant's motion to dismiss the indictment when the Government clarified that, as a result of a Superior Court Order entered by the Honorable Daniel Brown on October 16, 2018, the alleged kidnapping arose from Defendant's failure to return the child to the United States when expected, obstructing Poonamben Patel's ability to have any parenting time, (Supplemental Opinion, Docket No. 62 at 2.)

In preparing for trial, the Government served two trial subpoenas. On May 17, 2022, this Court signed a trial subpoena at the Government's request, returnable June 1, 2022, seeking from the Vicinage "certified copies of any and all documents, interviews, recordings, evidence, reports, and notations contained in the Middlesex Family Court file for the matter docketed under # FD-12-001591-17, CS# CS91347579A, captioned PATEL, AMITKUMAR K[.] vs. PATEL[,] POONAMBEN." (Declaration of Michael T. Moran, DAG ("Moran Decl." Ex. A, Docket No. 71-2 at 4-6. ) The court action referenced in the May 17 Subpoena is a Family Court matter involving child custody in the Superior Court of New Jersey,

Chancery Division, Family Part (Middlesex Vicinage). (Moran Decl., Ex. B., Docket No. 71-2 at 15-18.) The Government served the May 17 Subpoena on the Custodian of Records for the Middlesex County Family Court on May 18, 2022. (Moran Decl., Ex. A., Docket No. 71-2 at 4-6.) The May 17 Subpoena was forwarded to the Office of Counsel to the Administrative Director of the Courts for review. (Moran Decl., ¶ 5, Docket No. 71-2 at 10.) On May 27, 2022, a Staff Attorney from that office advised the Government that "[t]he only items subject to disclosure, absent a court order compelling production, are the complaint and any order entered in the child support matter." (Moran Decl., Ex. C, Docket No. 71-2 at 20.) The Staff Attorney also advised the Government that "copies of notes or other forms of working papers, those materials [were] also specifically deemed confidential under [New Jersey Court Rule] 1:38-3(b)." (*Id.*) The Vicinage would provide the Government "with a copy of the complaint and any order entered in the child support action," but the Vicinage "lack[ed] authority" to provide the requested documentation "[i]n all other respects" and the Government was requested to withdraw the May 17 Subpoena. (*Id.* at p. 2.)

On June 1, 2022, this Court entered an Order granting the Government's motion to enforce the May 17 Subpoena, directing that "the Custodian of Records for the Middlesex County Superior Court of New Jersey, Family Division, shall immediately comply with the previously issued subpoena[.]" (Moran Decl., Ex. D, Docket No. 71-2 at 23.) The Vicinage was further ordered to provide copies of any and all documents, interviews, recordings, evidence, reports, and notations contained in the Middlesex Family Court file for the matter docketed under # FD-12-001591-

17, CS# CS91347579A, captioned PATEL, AMITKUMAR K[.] vs. PATEL[,] POONAMBEN." (*Id.*) Prior to receipt of this Court's June 1 Order [on June 2], the Vicinage was unaware that the Government had even filed a motion to enforce the May 17 Subpoena, and the Court was unaware of this fact. (Moran Decl., Ex. B, ¶¶ 6- 7; Certification of Thomas Russo, Esq., ¶¶ 5-6, Exhibit E, Docket No. 71-2 at 28.) The Vicinage has since provided the Government with all publicly accessible documents, including the complaint and court orders entered in the Family Court matter. (Moran Decl., ¶ 8, Docket No. 71-2 at 10-11.)

## II.   DISCUSSION

### A.   Request for Reconsideration of June 1 Order

#### 1.   Standard of law

The Vicinage moves for reconsideration of the Court's June 1 Order pursuant to Local Criminal Rule 1.1 and Local Civil Rule 7.1(i). A motion for reconsideration can be filed and entertained in a criminal action. *Government of Virgin Islands v. Lee*, 775 F.2d 514, 519 (3d Cir. 1985) (quoting *United States v. Dieter*, 429 U.S. 6, 8 n.3 (1976) ("such a right exists based on "traditional and virtually unquestioned practice")). Reconsideration is proper, among other things, upon the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted).  Here, the June 1 Order was entered upon the Court's misunderstanding that the Vicinage was aware the Government had requested a motion to enforce the May 17 Subpoena

4

and the Vicinage had agreed to comply with the subpoena if this Court entered an order enforcing the subpoena. The Vicinage, although a nonparty, should have been provided an opportunity to respond and present defenses. *See e.g.*, *Pac. Coast Steel v. Leany*, No. 09-2190, 2011 U.S. Dist. LEXIS 113843, at *10 (D. Nev. Sept. 29, 2011) ("The motions to compel [in civil action] were not served on the non[-]party entities on whom the subpoena duces tecum were served. Defendants are correct that a party seeking to compel a non-party to comply with the subpoena must serve a motion to compel compliance with the subpoena on the person commanded to produce documents"); *Peter Coppola Beauty, LLC v. Casaro Labs, Ltd.*, No. 14-81488, 2018 U.S. Dist. LEXIS 49793, at *5-6 (S.D. Fla. Mar. 22, 2018) (flagging the "serious due process issues" when a non-party is not served with a motion [referring to "Notice to Appear procedure pursuant to Federal Rule of Civil Procedure 69 and section 56.29(2), Florida Statutes"] and deprived of "the opportunity to present defenses"). Therefore, this Court will vacate the Order enforcing the May 17 Subpoena and address the Vicinage's motion to quash.

    2.    <u>**Motion to Quash May 17 Subpoena**</u>

        a.    ***Relevant New Jersey law***

The Vicinage contends that it has produced to the Government, in connection with the May 17 Subpoena, all materials that may be produced without running

afoul of New Jersey Court Rules.[1] New Jersey Court Rule 1:38-3(b)(1-2) excludes from public disclosure:

> Notes, memoranda, draft opinions, or other working papers maintained in any form by or for the use of a justice, judge, or judiciary staff member in the course of performing official duties, except those notes, not otherwise excluded from public access under this rule, that are required by rule or law . . . to be taken as part of the record of the proceeding;
>
> Records of consultative, advisory, or deliberative discussions pertaining to the rendering of decisions or the management of cases; and support data maintained or created by the judiciary for use in reporting aggregate data for the purpose of statistics.

Further, the New Jersey Court Rules also preclude the following administrative records[2] from public access:

> [n]otes, memoranda, or other working papers maintained in any form by or for the use of a justice, judge or judiciary staff member in the course of his or her official duties, including administrative duties; and support data maintained or created by the Judiciary for use in reporting aggregate data for the purpose of statistics.

N.J. Ct. R. 1:38-5(b).

---

[1] "[T]he New Jersey Court Rules are enactments of the judicial branch . . . [and] constitutionally imbued with the power of legislation." *Capital Bonding Corp. v. N.J. Supreme Court*, 127 F. Supp. 2d 582, 586 (D.N.J. 2001) (citing *American Trial Lawyers Assoc. v. New Jersey Supreme Court*, 126 N.J.Super. 577, 589, 316 A.2d 19, *aff'd*, 66 N.J. 258, 330 A.2d 350 (1974) (quoting *Lathrop v. Donohue*, 367 U.S. 820 (1961)).

[2] An "administrative record" is any information maintained in any form by the judiciary that is not associated with any particular case or judicial proceeding. N.J. Ct. R. 1:38-4

      **b.**    *The Vicinage has produced all material not prohibited from disclosure under New Jersey Court Rules*

The May 17 Subpoena seeks "certified copies of any and all documents, interviews, recordings, evidence, reports, and notations contained in the Middlesex Family Court file[.]" This request would include Judge Brown's work product in the Family Court child custody matter, including draft orders that ultimately were not entered. Because the Government can call the alleged victim of the kidnapping charge to testify as to her recollection of the proceedings before Judge Brown, the Government's need for this material is not so great that state disclosure laws should be ignored and judicial work product made public. Therefore, the Vicinage's motion to quash the May 17 Subpoena will be granted. *See, United States v. Baroni*, No. 15-193, 2015 U.S. Dist. LEXIS 168358, at *6 (D.N.J. Dec. 16, 2015) ("Rule 17(c), as it relates to a third party, should only be enforced when Defendants cannot obtain the information sought from any other reasonable source.")[3]

---

[3] With respect to an unsigned order possessed by a party to the Family Court proceedings, in anticipation of a defense objection, the Court ruled that the unsigned Order directing the mother to go the American embassy to file kidnapping charges would not be permitted into evidence given its highly prejudicial effect upon the Defendant, to wit, that a jury will give undue weight to a judge's imprimatur as to the merits of a kidnapping charge. Counsel for Defendant seemed to take issue with the Court's ruling. Thus, the Court will address the issue only if there is an objection.

### C. Motion to Quash the June 1, 2022 Subpoena Addressed to Judge Brown

On June 1, 2022, the Government served a trial subpoena on Judge Brown, who is a sitting judge in New Jersey Superior Court, Middlesex Vicinage.[4] (Moran Decl., Ex. F, Docket No. 71-2 at 39-41.) The Government seeks to elicit testimony from Judge Brown surrounding his issuance of four Family Court orders while presiding over the child custody matter. (Moran Decl., Ex. G, Docket No. 71-2 at 42-44.)

#### 1. Standard of Law

Federal Rule of Criminal Procedure 17(c)(2) allows a district court to quash or modify a subpoena if compliance would be unreasonable or oppressive. *United States v. D'Amario*, 357 F. App'x 403, 404 (3d Cir. 2009). Significantly, the Third Circuit has held that "[i]t has long been recognized that attempts to probe the thought and decision[-]making processes of judges . . . are generally improper." *Grant v. Shalala*, 989 F.2d 1332, 1344 (3d Cir. 1993); *see also*, *Fayerweather v. Ritch*, 195 U.S. 276, 307 (1904) ("A judgment is a solemn record. Parties have a right to rely upon it. It should not lightly be disturbed, and ought never to be overthrown or limited by the oral testimony of a judge or juror of what he had in mind at the time of the decision.")

---

[4] The trial has been rescheduled to begin on July 18, 2022.

### 2. The trial subpoena would permit the parties to probe a judge's decision-making process

Here, the Government's request that Judge Brown testify about "the facts surrounding the issuance of the [Family Court] orders" while he presided over a child custody matter is unreasonable. The victim of the alleged international kidnapping, the child's mother, will undoubtedly testify concerning her recollection of the proceedings before the New Jersey Family Court, as may the defendant. To the extent that matters outside the public record in the Family Court proceedings are relevant to the kidnapping charge, the jury will have an opportunity to assess the witnesses' credibility concerning what happened during those proceedings, without the need to expose to the public in a criminal trial the judge's decision-making process in the custody proceedings. Therefore, to protect the integrity of the judicial decision-making process, this Court will quash the June 1 Subpoena.[5]

### III. CONCLUSION

For the reasons discussed above, this Court will grant the Nonparties' motion for reconsideration, vacate its June 1, 2022 Order and quash the May 17 Subpoena and the June 1 Subpoena.

---

[5] The Court appreciates DAG Moran's assistance in explaining to the parties why some documents, such as the Custody Agreement, may not have been filed. Counsel also agreed to assist the parties in locating certain documents discussed during the Zoom hearing.

An appropriate Order follows.

**Date:  June 23, 2022**

                                        s/Renée Marie Bumb
                                        **RENÉE MARIE BUMB**
                                        **United States District Judge**